IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GALASSI and LOUISE L. GALASSI, | No. C 05-02017 WHA |
| Plaintiffs, | |
| v. | **ORDER REMANDING CASE AND VACATING HEARING** |
| A. W. CHESTERTON CO. *et al.*, | |
| Defendants. | |

## INTRODUCTION

In this personal-injury case, the Court finds that there was no basis for removal under either 28 U.S.C. 1441(b) or 1442(a)(1). Moreover, the removal was procedurally defective. Accordingly, this order **GRANTS** plaintiff's motion to remand the action.

## STATEMENT

On November 8, 2004, plaintiff Peter Galassi (along with his wife) filed a complaint in state court alleging among other things, that he had been exposed to asbestos in products made by numerous defendants while working at Naval shipyards (*see* Compl. Exh. A). Plaintiffs expressly disclaimed "any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave" as well as "any cause of action or recovery for any injuries resulting from exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government" (Compl. ¶ 3). Galassi suffers from mesothelioma (a fatal lung cancer) and his treating physician has expressed doubt that he will survive beyond the next six months (Valieres Decl. ¶ 14). Pursuant to a state court procedure for expediting such cases, a trial date was set for the week of June 13, 2005.

1  California Civil Procedure Code § 36.  Plaintiffs' motion for remand was briefed on an
2  shortened schedule in light of this upcoming trial date.
3        On May 16, 2005, defendant Warren Pumps, Inc. removed the action to this Court,
4  acknowledging that there was no basis for removal on the face of plaintiffs' complaint (Notice
5  of Removal ¶ 3–4).  Nonetheless, Warren Pumps alleged that removal was timely pursuant to 28
6  U.S.C. 1446(b), which provides for removal "within thirty days after receipt by the defendant,
7  through service or otherwise, of a copy of an amended pleading, motion, order or other paper
8  from which it may first be ascertained that the case is one which is or has become removable."
9        The "other paper" received was a set of discovery requests, served on April 12, 2005,
10 that allegedly raised a federal question (Notice of Removal ¶ 6).  Specifically, Warren Pumps
11 objects to plaintiffs' requests for production Nos. 3 ("all documents pertaining to your
12 manufacture of asbestos-containing products"), 13 ("any document that relates to the hazards of
13 your asbestos-containing product(s)"), and 18 ("any documents relating to your warnings
14 between 1930 and the present").  It argues that these requests were overly broad and sought
15 classified information related to matters of national defense, such that only a federal court can
16 decide whether such documents must be produced (*id.* ¶¶ 8, 12).  In addition, Warren Pumps
17 argues that removal is otherwise proper under the federal officer removal statute because it was
18 obligated to manufacture pumps according to specifications set forth by the United States Navy
19 or agents thereof (*id.* ¶¶ 23–28).
20       On May 24, 2005, defendant IMO Industries, Inc. filed a joinder in the notice of
21 removal.  This joinder was subsequently withdrawn on June 2, 2005.  It is the Court's
22 understanding that no other defendants have joined in the removal.

**ANALYSIS**

**1.     28 U.S.C. 1441(b).**

25 Removal under 28 U.S.C. 1441(b) is permitted for actions involving a federal question
26 over which the district court would have had original jurisdiction pursuant to 28 U.S.C. 1331.
27 The removing party always bears the burden of establishing removal is proper.  *Emrich v.*
28 *Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1990).  The "well-pleaded complaint rule"

1  provides that federal jurisdiction only exists when a federal question is presented on the face of
2  plaintiff's properly pleaded complaint, unaided by the answer or by the petition for removal.
3  *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936)(further noting that the federal
4  issue must not be "merely a possible or conjectural one").  Similarly, where removal is based on
5  a federal question ascertainable for the first time in an amended pleading, motion, order or other
6  paper, the federal question must appear on the face of that document.  *Roskind v. Morgan*
7  *Stanley Dean Witter & Co.*, 165 F.Supp.2d 1059, 1065 (N.D. Cal. 2001).  A federal defense,
8  even if anticipated, is not part of a plaintiff's cause of action.  *Rivet v. Regions Bank*, 522 U.S.
9  470, 475 (1998).  This rule thus enables the plaintiff, as "master of the complaint" to have his
10 action heard in state court "by eschewing claims based on federal law." *Caterpillar Inc. v.*
11 *Williams*, 482 U.S. 385, 399 (1987).

12      Here, Warren Pumps has openly conceded that there was no federal question presented
13 on the face of the complaint.  Plaintiff correctly argues that while discovery *responses* could
14 qualify as "other papers" that trigger removal under 28 U.S.C. 1446(b), discovery requests
15 cannot.  By its very nature, a request for documents *seeks*, rather than *provides*, information.
16 Regardless, no federal question appears on the face of the challenged discovery request.

17      Even accepting *arguendo* that some responsive documents would be privileged as a
18 matter of national security, that plaintiffs' discovery requests were too broad is an objection that
19 can be adequately addressed by the state court.  It does not raise even a federal *defense* to
20 plaintiffs' causes of action.  In any event, the privilege to protect military and state secrets by
21 blocking discovery that would adversely affect national security "belongs to the Government
22 and must be asserted by it; it can neither be claimed nor waived by a private party," such as
23 Warren Pumps.  *United States v. Reynolds*, 345 U.S. 1, 7 (1953).  Moreover, Warren Pumps has
24 not asserted that the Department of Defense did object to this discovery, merely that it might.

25      Plaintiffs further argue that the removal was procedurally defective.  This order agrees.
26 Where fewer than all the defendants have joined in a removal action, the removing party has the
27 burden "to explain affirmatively the absence of any co-defendants in the notice for removal."
28 *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999).  Here, the record suggests

3

that *no* co-defendants joined in the removal, with the exception of IMO Industries, which subsequently withdrew its joinder. The absence of the other defendants was not explained in the notice for removal. Moreover, IMO Industries' withdrawal also prevents Warren Pumps from curing this defect within the thirty-day statutory period permitted for joinder. *Ibid.* For numerous reasons, removal under 28 U.S.C. 1441 was improper.

### 2. 28 U.S.C. 1442(a)(1).

In the alternative, Warren Pumps argues that removal was proper under 28 U.S.C. 1446(a)(1), which provides that an action may be removed by federal officers acting under color of such office or any person acting under direction of such officer. Under this section, removal solely on the basis of a federal defense is allowed and co-defendants need not be joined. *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999). To qualify for removal, the defendant must: (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to the plaintiff's claims; and (3) demonstrate a causal nexus between the plaintiff's claims and the acts the defendant performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124–25, 134–35 (1989).

As a procedural matter, this order finds that removal on this basis is untimely. To the extent that Warren Pumps could assert a federal defense on the basis that it was acting under direction of the United States Navy, it would have been alerted to availability of that defense by the complaint, which listed all the Navy ships on which plaintiff had worked. There is no dispute that more than thirty days have elapsed since that filing.

Even if the Court were to reach the merits, Warren Pumps has failed to meet its burden of demonstrating removal was proper. With regard to the first prong of the *Mesa* test, the notice of removal fails to allege sufficient facts to demonstrate that Warren Pumps was acting under direction of the Navy. There is no evidence proffered demonstrating that Navy specifications for the manufactured pumps required the use of asbestos materials or that the Navy exercised any control over defendant's asbestos warnings (or absence thereof). As to the second prong, Warren Pumps has failed to raise a colorable federal defense to plaintiffs' claims. As discussed above, not only does a discovery objection fail to rise to the level of a "defense," but the

privilege to protect matters of national security cannot be asserted by Warren Pumps on behalf of the Government. Finally, under the third prong of the *Mesa* test, Warren Pumps does not (and cannot) demonstrate a causal nexus between plaintiffs' claims and the acts allegedly performed under color of federal office because it concedes that the complaint expressly disclaims any cause of action based asbsetos exposure resulting from such acts. *Compare Westbrook v. Asbestos Defendants*, 2001 U.S. Dist LEXIS 11575 (N.D. Cal. 2001)(remanding case when plaintiff waived all claims arising from acts under the direction of federal officers, rendering defendant's military contractor defense unavailable). Thus, remand is appropriate.

### 3. 28 U.S.C. 1447(c).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). The Court has "wide discretion" to award attorney's fees and costs under this section, even in the absence of a finding that the removing party acted in bad faith. *Moore v. Permanente Medical Group, Inc.*, 981 F2d. 443, 446–47 (1992). Independent of the questionable timing, Warren Pumps' removal of the action was wholly unnecessary, meritless and obviously an attempt to delay plaintiffs' upcoming trial date. Accordingly, an award of attorney's fees and costs, in an amount to be determined, is warranted.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to remand is **GRANTED**. This action is immediately **REMANDED** to the Superior Court of California for the County of San Francisco. The hearing on this motion, currently scheduled for **JUNE 16, 2005 AT 8:00 A.M.**, is **VACATED**. The Court retains jurisdiction to decide only the collateral matter of attorney's fees. A separate order will issue on the procedure to determine the amount that shall be awarded.

**IT IS SO ORDERED.**

Dated: June 13, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5